Warren S. Replansky, Esq. Town Attorney, North East
I am writing in response to your request for an Attorney General's opinion as to whether a town may impose conditions upon its approval of an annexation under article 17 of the General Municipal Law.
Your letter states that a petition has been filed which seeks the annexation by the Village of Millerton of approximately 39 acres now located in the Town of North East. The owner of the property has filed with the town an application for subdividing the property and plans to develop the property with approximately 50 houses. The village has its own water company which supplies water service to the entire village population. The village has taken the position that it will not provide water service to the proposed subdivision unless the property is annexed into the village.
The town board has a number of concerns about the proposed annexation. The village does not at present have subdivision regulations, and the town is concerned that the village may not have sufficient control over the proposed subdivision. The town is also concerned as to whether the village's water supply is adequate. You have asked whether the town has the authority to approve the proposed annexation subject to certain conditions.
The municipal annexation provisions are found in article 17 of the General Municipal Law. The governing body of each municipality affected by the annexation has the power to approve or disapprove the annexation, based on its finding as to whether it is in the "over-all public interest" (General Municipal Law, § 711). Article 17 does not provide any mechanism or authority for the granting of conditional approval.
Under the procedure established by article 17, if a municipality concludes that the annexation is not in the overall public interest, it is to issue a written determination to that effect (id., § 711[2][b]). The determination is to be filed in the offices of the clerks of the affected municipalities, together with copies of the petition, the notice, testimony and minutes of the proceedings and "the written objections, if any" (ibid.). In our view, this provision for the inclusion of written objections provides a municipality with the opportunity to give the reasons for its disapproval of the petition. These written objections may form the basis of negotiations and possibly a compromise between the village and town. There is no mechanism provided for conditional approval, however, nor can the conditional approval be implied from the statute (see Matter of Marcus v Baron, 57 N.Y.2d 862
[1982]). Thus, if the village is unwilling to meet the objections of the town, it would have to present a revised proposal to the town.
In the event that there is disagreement among the municipalities as to whether the proposed annexation is in the overall public interest, a municipality favoring annexation can bring a proceeding in the Appellate Division (General Municipal Law, § 712). The Appellate Division has the authority to determine, on the law and the facts, whether the proposed annexation is in the over-all public interest (id., § 712[10]).
We conclude that a town may not place binding conditions upon its approval of a petition for annexation of property within its limits pursuant to article 17 of the General Municipal Law. The town may, however, include written objections with its disapproval of the annexation, which could form the basis for negotiations and compromise between the town and village.